IN MATTER OF MARRIAGE OF SELLERS



NO. 07-04-0397-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY10, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


MELVIN WAYNE SELLERS AND SHANNON JOYCE KEATING


AND IN THE INTEREST OF PATSY M. SELLERS, A CHILD






_________________________________



FROM THE 3RD DISTRICT COURT OF HENDERSON COUNTY;



NO. 04-056; HONORABLE JIM PARSONS, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER


 Appellant Melvin Wayne Sellers perfected this appeal challenging the trial court's
order (1) dismissing with prejudice his petition for divorce from Shannon Joyce Keating for
insufficient evidence of a common law marriage, (2) dividing the property, and (3)
terminating the parent-child relationship between him and Patsy M. Sellers pursuant to his
voluntary affidavit of relinquishment. The clerk's record and reporter's record have been
filed.

 On December 22, 2004, Vera C. Bennett, counsel for Shannon, was permitted to
withdraw as attorney of record. Counsel for Melvin, Samuel M. George, has also filed a
motion to withdraw in which he represents that Melvin left a telephone message with his
legal assistant to do nothing in this appeal because his relationship with Shannon was "up
in the air." In response to the message from Melvin, counsel wrote him to advise him that
no activity in this appeal might result in dismissal for want of prosecution and also
cautioned him of the consequences thereof. George concludes in his motion that he
cannot effectively represent Melvin and requests he be permitted to withdraw as attorney
of record.

 George has substantially complied with the requirements of Rule 6.5(a) of the Texas
Rules of Appellate Procedure. Thus, we grant the motion to withdraw. Pursuant to Rule
6.5(c) counsel is directed to notify Melvin, in writing, of any previously undisclosed
deadlines and advise him that appellant's brief was due to be filed on November 19, 2004. 

 It is so ordered.

 Per Curiam